Downey, Judge,
delivered the opinion of the court:
The defendant concedes the right of the plaintiff to recover on its petition, but asserts a counterclaim which is founded upon preceding, independent, and long-since adjusted transactions. Rather than review the averments of the counterclaim, which is necessarily a part of the record, and enter into a lengthy and detailed discussion of the questions involved, it is thought that the material questions may satisfactorily and more expeditiously be disposed of by the following five propositions:
1. The counterclaim pleads a provision of the act of June 22, 1874, sec. 10, 18 Stat. 177, but only partially pleads the section and so pleads it as to give it a general application entirely different from its true one. Being, as it is, deceptive pleading, it is hoped that it is unintentionally so. The section in its entirety has no application to the present case. Reference is made to the title of the act and the full text of the section referred to.
2. The reasonable inference from all the averments- of the counterclaim is that purchase order No. 9339 and the contract of May 15, 1918, were properly placed after customary procedure. There is no allegation of any fraud or deceit in that connection.
3. The averments of the counterclaim do not show that Colonel Dougherty had any interest in either of said contracts. It is only so averred by way of conclusion and the conclusion is not sustained by the facts pleaded.
4. Colonel Dougherty had no remaining interest so far as appears in the patents involved. He had a right to sell such interest as he had and it does not appear that the transaction was other than a legitimate one based on a valuable consideration. No collusion is charged. The mere fact that *828 his mother-in-law was his assignee does not serve of itself' to taint the transaction.
5. With full knowledge of all the facts averred and relied on the United States made deduction from plaintiff’s compensation for the 50,000 compasses covered by order No.. 9339 equal to the full amount of royalty the plaintiff had contracted to pay Colonel Dougherty’s assignee and entered into a new contract at a lesser price in lieu of the contract of May 15, 1918. The Government could then have been under no misapprehension as to the facts and, with such modifications as the circumstances seemed to it to require,, it ratified these contracts and made settlements accordingly-
The demurrer to the counterclaim should be sustained, and. it is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.